```
                                                    ┌─────────────────────────────┐
                                                    │ USDC SDNY                   │
                                                    │ DOCUMENT                    │
                                                    │ ELECTRONICALLY FILED        │
UNITED STATES DISTRICT COURT                        │ DOC #: _____    │
SOUTHERN DISTRICT OF NEW YORK                       │ DATE FILED: _11/7/11_       │
----------------------------------------------X     └─────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------X
DARRYL SHEPPARD,                                 :
                                                 :     REPORT AND
                        Plaintiff,               :     RECOMMENDATION
                                                 :
        -v.-                                      :    10 Civ. 6696 (GBD) (JLC)
                                                 :
WILLIAM A. LEE and ELIZABETH CUOMO,              :     (Non-ECF Case)
                                                 :
                        Defendants.              :
----------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable George B. Daniels, United States District Judge:**

Plaintiff Darryl Sheppard, proceeding pro se, brings this action under 42 U.S.C. § 1983

against Defendants William A. Lee and Elizabeth Cuomo ("Defendants") alleging a violation of

his constitutional right of access to the courts. Defendants move to dismiss the Amended

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons

discussed below, I recommend that the motion to dismiss be granted.

## I.    BACKGROUND

At the time of the alleged violation of his constitutional rights, Sheppard was a prisoner at

the Green Haven Correctional Facility ("Green Haven") in Stormville, New York. (See

Amended Complaint ("Am. Compl."), at 1) (Dkt. No. 5).[1] Sheppard was in prison after pleading

guilty to manslaughter in 1989. (See Declaration of Assistant Attorney General Scott J.

Spiegelman, dated May 26, 2011 ("Spiegelman Decl."), Exs. B, C) (Dkt. No. 19).[2] From 2007 to

---

[1]     For ease of reference, any citations to specific pages of the Amended Complaint reflect
        page number designations made by the Court's Electronic Case Filing system.

[2]     The facts relating to Sheppard's state court proceedings are drawn from court papers
        attached to the motion to dismiss. The Court may consider these materials in deciding
        the motion to dismiss because Sheppard incorporated them by reference in the Amended

2010, Sheppard filed several motions to vacate his conviction and sentence under Section 440 of

New York's Criminal Procedure Law ("CPL") in Supreme Court, Richmond County. (See

Spiegelman Decl., Exs. A, B, D, K). In connection with one of those motions, Sheppard

contends that Defendants knowingly withheld his legal mail for fifteen days in July and August

2009. (Am. Compl. at 3). Sheppard alleges that on July 27, 2009, upon completing his reply

affirmation in support of one such motion to vacate, he prepared four packages for mailing, filled

out a request for advance postage, and placed the packages in a facility mailbox. (Id. at 5).

Sheppard further alleges that three of his packages were returned to him on August 17, 2009.

(Id.). In returning Sheppard's mail, prison officials cited the procedures for obtaining postage

that are set forth in Department of Corrections Directive 4422. (Id. at Ex. B). Sheppard submits

that his reply affirmation was subject to "a 30-day deadline" and that because of the fifteen-day

delay in mailing the reply, he had "to file a motion of Res de Judicata [sic] in the state courts[.]"

(Id. at 3). Sheppard then filed several grievances relating to the fifteen-day delay and the

impartiality of the grievance complaint process. Each of these grievances was denied, as was

each of Sheppard's internal appeals of the grievance decisions. (Id. at 6-9).

---

Complaint (see Amended Complaint at 3 (referring to Sheppard's state court motion to vacate)), he relied on them in bringing suit (id.), and they are "matters of which judicial notice may be taken[.]" Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks and citations omitted); see also, e.g., Toliver v. City of New York, Nos. 10 Civ. 3165 (PAC) (JCF), 10 Civ. 6619 (PAC) (JCF), 2011 WL 4964919, at *3 (S.D.N.Y. Sept. 15, 2011) (Report and Recommendation), adopted by, 2011 WL 4964665 (S.D.N.Y. Oct. 18, 2011) ("federal courts are empowered to take judicial notice of state court records and decisions"); Faulkner v. Verizon Commc'ns, Inc., 156 F. Supp. 2d 384, 391 (S.D.N.Y. 2001) (under Fed. R. Evid. 201(b), courts "may take judicial notice of pleadings in other lawsuits attached to the defendants' motion to dismiss . . . as a matter of public record"); see, e.g., Stubbs v. de Simone, No. 04 Civ. 5755 (RJH) (GWG), 2005 WL 2429913, at *5 (S.D.N.Y. Sept. 30, 2005) (relying on facts from court papers attached to defendants' motion to dismiss Section 1983 action by prison inmate).

Having exhausted his administrative remedies, Sheppard commenced this action on June 22, 2010 against Lee and Cuomo—Superintendent and Correspondence Supervisor, respectively, at Green Haven—along with two other Green Haven employees. (See Complaint, dated June 22, 2010, ¶¶ 4-7) (Dkt. No. 2). Under 42 U.S.C. § 1983, Sheppard alleged a violation of his constitutional right of access to the courts and denial of a fair review under the prison's grievance process. (See id. ¶ 28). By Order dated September 9, 2010, Chief Judge Preska dismissed Sheppard's Complaint sua sponte because his access-to-courts claim failed to allege an actual injury and his grievance process claim failed to state federal constitutional or statutory violations. (See Order, dated Sept. 9, 2010, at 1-3) (Dkt. No. 3). The Court also directed Sheppard to amend his Complaint and "re-allege his access to the courts claim [to detail] how he was injured by Defendants' actions." (Id. at 3).

Sheppard filed an Amended Complaint on October 27, 2010 against Lee and Cuomo, in which he reasserts his First Amendment access-to-courts claim via mail interference under 42 U.S.C. § 1983, seeking injunctive and declaratory relief as well as monetary damages. (See Am. Compl. at 3, 5).[3] On May 27, 2011, Defendant Lee moved to dismiss Sheppard's Amended

---

[3]     In the Amended Complaint, Sheppard also alleges that "several complaints have been filed with the United States Post Master General, and facility grievance/correspondence department relating to violations and, obstruction of the mail here at Green Haven[.]" (Am. Compl. at 6). Sheppard also attaches correspondence between another Green Haven inmate and the United States Postal Inspection Service to document another instance of alleged mail interference. (Id. at Ex. C). Broadly construing Sheppard's Amended Complaint, see, e.g., Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the Court reads these allegations as a claim that prison officials interfered with inmates' legal mail pursuant to a municipal policy or custom. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690-92 (1978). To assert such a claim, however, Sheppard would have to name an institutional defendant, which he has not done in this case. See id. Even if Sheppard had named an institutional defendant, however, the absence of any constitutional violations by the individual Defendants, see infra, dictates that the Court forego any consideration of Sheppard's Monell claim. See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam); see, e.g., Matican v. City of New York, 524 F.3d 151, 154-55 (2d

Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendant Lee

presents three grounds for dismissal:  (1) Sheppard has failed to establish that he suffered an

actual injury from the alleged mail interference or that Defendants acted maliciously; (2)

Sheppard has failed to demonstrate that Defendant Lee had any personal involvement in the

alleged violation of his constitutional rights; and (3) Sheppard's claim for injunctive relief is

moot because he has been released from custody.  (See Memorandum of Law in Support of

Defendant William A. Lee's Motion to Dismiss the Amended Complaint ("Def. Mem."), at 1-2)

(Dkt. No. 20).[4]

    By endorsement dated June 9, 2011, I granted Sheppard's request to extend the deadline

to file an opposition to July 12, 2011.  (Dkt. No. 24).  Having received no opposition by that

deadline, I ordered Sheppard to respond to the motion by August 5, 2011, and warned that if he

failed to respond, the motion would be considered fully submitted.  (Dkt. No. 26).  Sheppard has

not responded to the motion.

---

Cir. 2008) (declining to consider Monell claim upon finding no violation of constitutional
rights by individual police officers); Segal v. City of New York, 459 F.3d 207, 219 (2d
Cir. 2006) (no consideration of municipal defendants' liability under Monell where court
"found no underlying constitutional violation").

[4]     Because Cuomo had not been served with process at the time of the motion, counsel for
Defendants moved to dismiss only on behalf of Lee, and stated that Lee's arguments
equally apply to Cuomo.  (See Def. Mem. at 1, n.1).  Since that time, Cuomo has been
served.  (Dkt. No. 29).  By letter dated July 19, 2011, counsel requested that the Court
treat the motion as submitted on behalf of Cuomo as well, and this request was granted.
(Dkt. No. 27).

## II.     DISCUSSION

### A. Legal Standard

#### 1. Rule 12(b)(6) Standard

A plaintiff's failure to oppose a 12(b)(6) motion does not alone merit dismissal of a complaint. See Goldberg v. Danaher, 599 F.3d 181, 183-84 (2d Cir. 2010); McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000). "[T]he sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." McCall, 232 F.3d at 322-23. Consequently, as with all 12(b)(6) motions, in deciding an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency" according to the principles below. Id. at 322.

A complaint will not survive a 12(b)(6) motion to dismiss if it "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Although "a complaint attacked by a 12(b)(6) motion does not need detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted). "To survive a motion to dismiss, the complaint must set out only enough facts to state a claim to relief that is plausible on its face." Hollander v. Copacabana Nightclub, 624 F.3d 30, 32 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

A complaint thus may survive a 12(b)(6) motion to dismiss only if it has "facial plausibility" and pleads enough facts to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

Given that Sheppard is proceeding pro se, the Court must "construe [his Amended Complaint] broadly and interpret it to raise the strongest arguments it suggests." Sharpe v. Conole, 386 F.3d 482, 484 (2d Cir. 2004) (citation omitted). Further, "when the plaintiff proceeds pro se . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted). Nevertheless, "a pro se litigant [is] bound by the same rules of law . . . as those [litigants] represented by counsel." Fertig v. HRA Med. Assistance Program, No. 10 Civ. 8191 (RPP), 2011 WL 1795235, at *4 (S.D.N.Y. May 6, 2011) (internal quotation marks and citation omitted).

### 2. Right of Access to the Courts

42 U.S.C. § 1983 guards against the deprivation of an individual's constitutional rights by someone acting under the color of state law. See, e.g., AK Tournament Play, Inc. v. Town of Wallkill, No. 09 Civ. 10579 (LAP), 2011 WL 197216, at *2 (S.D.N.Y. Jan. 19, 2011). It is well-established that "prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Lewis v. Casey, 518 U.S. 343, 349-53 (1996). "Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). To assert an access-to-courts claim based on interference with legal mail, a prisoner must allege that the defendant's actions (1) were "deliberate and malicious" and (2) "resulted in actual injury" to the plaintiff. Cancel v. Goord, No. 00 Civ. 2042

(LMM), 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001) (quoted in Davis, 320 F.3d at 351);

see also John v. N.Y. Dep't of Corr., 130 F. App'x 506, 507 (2d Cir. 2005) (summary order).

      "The actual injury requirement ensures that courts provide relief to claimants only when

they have suffered or will imminently suffer actual harm and prevents courts from undertaking

tasks assigned to the other political branches." Collins v. Goord, 581 F. Supp. 2d 563, 573

(S.D.N.Y. 2008) (citing Lewis, 518 U.S. at 349).  To satisfy this requirement, a plaintiff must

demonstrate that a defendant "'took or was responsible for actions that hindered a plaintiff's

efforts to pursue a legal claim.'" Montanez v. Cuoco, 361 F. App'x 291, 294 (2d Cir. 2010)

(summary order) (quoting Monsky v. Moraghan, 127 F.3d 243, 247 (2d Cir. 1997)).  Actual

injury exists where interference with legal mail results in "the dismissal of an otherwise

meritorious legal claim." Davis, 320 F.3d at 351 (internal quotation marks and citations

omitted).  However, "mere delay in being able to work on one's legal action or communicate

with the courts does not rise to the level of a constitutional violation." Id. at 352 (internal

quotation marks and citations omitted).  Courts routinely dismiss access-to-courts claims where a

plaintiff's allegations fail to state an actual injury. See, e.g., Bellezza v. Holland, 730 F. Supp.

2d 311, 316 (S.D.N.Y. 2010) (dismissing claim because loss of $55.78 was not actual injury);

Amaker v. Haponik, No. 98 Civ. 2663 (JGK), 1999 WL 76798, at *3 (S.D.N.Y. Feb. 17, 1999)

(dismissing claim where plaintiff identified only hypothetical injuries resulting from interference

with legal mail).

**B. Sheppard's Claims**

      Sheppard's access-to-courts claim fails because he was not injured by Defendants'

conduct.  Sheppard alleges that the fifteen-day delay caused him to miss a "30-day deadline to

complete and timely file his reply affirmation" for a pending motion to vacate and that as a result

he had "to file a motion of Res de Judicata [sic] in the state courts[.]"  (Am. Compl. at 3).[5]

However, those allegations do not constitute an actual injury.  Sheppard does not allege, and the

record does not indicate, that his motion to vacate was denied because the reply affirmation was

untimely.  <u>Compare</u> <u>Whitfield v. Imperatrice</u>, No. 08 Civ. 3395 (CBA) (LB), 2011 WL 864703,

at *3 (E.D.N.Y. Mar. 9, 2011) (failure to state access-to-courts claim where defendants' conduct

did not cause denial of Section 440.10 motion) <u>with</u> <u>Smith v. Maypes-Rhynders</u>, No. 07 Civ.

11241 (PAC) (MHD), 2009 WL 874439, at *7-8 (S.D.N.Y. Mar. 31, 2009) (finding claim stated

for actual injury where, but for defendants' confiscation of legal papers, plaintiff would have

prevailed in state court lawsuit).  Sheppard's motion to vacate was denied on procedural

grounds—because he sought to relitigate an earlier motion to vacate—not because of the

timeliness of the reply affirmation.  (<u>See</u> Spiegelman Decl., Ex. H).  <u>See, e.g.</u>, <u>Deleon v. Doe</u>,

361 F.3d 93, 94 (2d Cir. 2004) (per curiam) (no actual injury where plaintiff's case "was

dismissed on the merits after a bench trial—not for untimeliness of court submissions"); <u>Stubbs</u>,

2005 WL 2429913, at *17 (no actual injury from delay because claims in the underlying petition

lacked merit); <u>McCoy v. Goord</u>, 255 F. Supp. 2d 233, 260-61 (S.D.N.Y. 2003) (delayed mailing

of prisoner's Article 78 petition did not actually impair his legal claim).  Consequently, the

dismissal of Sheppard's motion to vacate cannot be attributed to Defendants.

　　　　Moreover, whatever injury Sheppard alleges to have suffered, it did not in fact impede

Sheppard's access to the courts.  Sheppard commenced additional challenges to his criminal

conviction after Defendants' alleged withholding of his reply affirmation.  In fact, after August

17, 2009, Sheppard filed yet another motion to vacate (<u>see</u> Spiegelman Decl., Ex. K) and a

---

[5]　　　As a factual matter, Sheppard does not address the fact that one of his four packages was
mailed, and does not explain how, if at all, the withholding of the legal materials
contained in the other packages prejudiced his case.

motion for leave to reargue (see id., Ex. O), both of which were denied. (See id., Exs. N, Q). Neither of these motions was denied on the basis of Sheppard's delay in filing his reply affirmation in July 2009 or the resulting need to file a "motion of Res de Judicata." Furthermore, Sheppard was actively involved in litigating these motions, filing a reply affirmation in September 2009 (see Spiegelman Decl., Ex. M) and exchanging letters with the court in December 2009 and March 2010. (See id., Exs. P, R, S, T, U). See, e.g., Richardson v. McDonnell, 841 F.2d 120, 121 (5th Cir. 1988) (delay in processing prisoner's mail did not impede access to court where prisoner filed three other lawsuits that same year).

As such, even if Defendants' actions caused Sheppard to miss an unspecified deadline in July 2009, they did not prejudice Sheppard's then-pending motion to vacate or any such future motion, or impede his access to the courts. See, e.g., Govan v. Campbell, 289 F. Supp. 2d 289, 297-98 (N.D.N.Y. 2003) (no injury where plaintiff failed to establish that defendants' mail interference prejudiced "pending or anticipated legal action"). Although courts have concluded that missed filing deadlines can constitute an actual injury, see, e.g., Key v. Artuz, No. 95 Civ. 0392 (HB), 1995 WL 542466, at *2 (S.D.N.Y. Sept. 13, 1995) (actual injury where prisoner did not receive opposition papers to Section 440.10 motion prior to court-imposed deadline for filing reply briefs), Sheppard's extensive post-delay litigation challenging his criminal conviction undercuts any argument that he was in any way prejudiced by missing the July 2009 deadline. Absent any evidence of prejudice, the only injury that Sheppard appears to have suffered is a fifteen-day delay in mailing his reply affirmation. However, "mere delays without any resulting prejudice do not rise to the level of a constitutional violation." Henry v. Annetts, No. 08 Civ. 286 (LAP), 2010 WL 3220332, at *3 (S.D.N.Y. 2010). Accordingly, Sheppard cannot establish that he suffered an actual injury to satisfy his access-to-courts claim, and the Court should

dismiss the Amended Complaint. In light of this conclusion, the Court need not address Defendants' other arguments.[6]

### III.     CONCLUSION

For the foregoing reasons, I recommend that the motion to dismiss be GRANTED as to all Defendants.

### PROCEDURES FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Daniels. **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010) (citing Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003) and Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If Plaintiff does not have access to cases cited herein that are reported on LexisNexis or Westlaw,

---

[6]     Were the Court to reach them, it should conclude that Sheppard has failed to allege any personal involvement on the part of either named Defendant, and that the declaratory and injunctive claims are moot because Sheppard is no longer incarcerated at Green Haven. (Dkt. No. 13).

he should request copies from Defendants' counsel. See Lebron v. Sanders, 557 F.3d 76, 79 (2d

Cir. 2009).


Dated: New York, New York
      November 7, 2011

                                          JAMES L. COTT
                                          United States Magistrate Judge


**Copies of this Report & Recommendation have been mailed to the following:**

Darryl Sheppard
c/o Dupree
2947 W. 28th Street
Apt. #204-A
Brooklyn, NY 11224

Scott Joseph Spiegelman
Office of the Attorney General of the State of New York
120 Broadway, 24th Floor
New York, NY 10271

Pro Se Office
Room 230

Hon. George B. Daniels