USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 20 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARRYL SHEPPARD,

                Plaintiff,

     -against-

WILLIAM A. LEE and ELIZABETH CUOMO,

                Defendants.

MEMORANDUM DECISION
AND ORDER
10 Civ. 6696 (GBD) (JLC)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Darryl Sheppard, proceeding pro se, brings this action under 42 U.S.C. § 1983 against Defendants William A. Lee and Elizabeth Cuomo ("defendants") alleging a violation of his constitutional right of access to the courts. Defendants moved to dismiss plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    This Court referred the matter to Magistrate Judge James L. Cott for his Report and Recommendation ("Report"). Magistrate Judge Cott issued a Report recommending that this Court grant the defendants' motion to dismiss.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not

1

required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Cott advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff did not file a timely objection to Magistrate Judge Cott's Report. This Court considered the Report and adopts the Report in its entirety.

### Sheppard's Claim

Magistrate Judge Cott afforded plaintiff's amended complaint the liberal construction pro se pleadings are entitled. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir 1994). Plaintiff, in prison after pleading guilty to manslaughter in 1989, asserts that defendants violated his constitutional right of access to the courts by knowingly withholding his legal mail for fifteen days in July and August 2009. Am. Compl. at 3. Plaintiff's mail was returned to him by prison officials who cited the required procedures for obtaining postage. Id. at Ex. B. Plaintiff alleges that the fifteen day delay caused him to miss a "30-day deadline to complete and timely file his reply affirmation" for a pending motion to vacate his conviction and sentence. Id. at 3. Plaintiff claims that the delay also caused him to file a "motion of Res de Judicata [sic] in the state courts." Id. As Magistrate Judge Cott correctly concluded, plaintiff's access-to-courts claim fails because he suffered no actual injury.

It is well-established that "prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821 (1977); see also Lewis v. Casey, 518 U.S. 343, 349-53 (1966). "Interference with legal mail implicates a prison inmate's rights to access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the U.S. Constitution." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). To establish an access-to-courts claim based on interference with legal mail, a prisoner must allege that defendant's actions (1) were "deliberate and malicious" and (2) "resulted in actual injury" to the plaintiff. Cancel v. Goord, No. 00 Civ. 2042 (LMM), 2001 WL 303713, at *4 (S.D.N.Y. Mar. 29, 2001) (quoted in Davis, 320 F.3d at 351). Dismissal is appropriate where a plaintiff's allegations fail to state an actual injury.

Magistrate Judge Cott properly concluded that plaintiff did not allege an actual injury. Sheppard did not allege, and nothing in the records indicates, that his motion to vacate was denied because his reply affirmation was untimely. Plaintiff's motion was instead denied on procedural grounds--the court found that plaintiff sought to relitigate an earlier motion to vacate. See Spiegelman Decl., Ex. H; see also Deleon v. Doe, 361 F.3d 93, 94 (2d Cir. 2004) (per curiam) (holding that plaintiff did not suffer actual injury where his case "was dismissed on the merits after a bench trial—not for untimeliness of court submissions"); see also McCoy v. Goord, 255, F. Supp 2d 233, 260-61 (S.D.N.Y. 2003) (holding that delayed mailing of prisoner's Article 78 petition did not actually impair his legal claim). Because plaintiff's motion to vacate was denied on procedural grounds, and not for the timeliness of his motion, dismissal cannot be attributed to defendants. Accordingly, plaintiff has suffered no actual injury.

Magistrate Judge Cott also correctly concluded that the alleged mailing delay did not prejudice plaintiff's then-pending motion to vacate or any anticipated litigation, or otherwise

3

impede his access to the courts. Plaintiff claims that defendants' actions caused him to miss an unspecified deadline in July 2009, thereby prejudicing his then-pending motion to vacate and future motions. This claim fails. Sheppard litigated his conviction extensively after the alleged mail delay, filing another motion to vacate in August 2009, a subsequent motion for leave to reargue, and exchanging letters with the court in December 2009 and March 2010. In light of his considerable post-delay litigation challenging his criminal conviction, plaintiff was not prejudiced in any way by missing the unspecified July 2009 deadline. The only consequence plaintiff appears to have suffered—a fifteen-day delay in mailing his reply affirmation—does not amount to a denial of his constitutional right to access of the courts. See Henry v. Annetts, No, 08 Civ. 286 (LAP), 2010 WL 3220332, at *3 (S.D.N.Y. 2010) (holding that "mere delays without any resulting prejudice do not rise to the level of a constitutional violation"); Govan v. Campbell, 289 F. Supp. 2d 289, 297-98 (N.D.N.Y. 2003) (no injury where plaintiff failed to establish that defendants' mail interference prejudiced "pending or anticipated litigation"). Because Sheppard cannot establish an actual injury to satisfy his access-to-courts claim, his amended complaint must be dismissed.

## Conclusion

This Court adopts the Report and Recommendation in its entirety. Defendants' motion to dismiss the amended complaint is GRANTED.

Dated: December 19, 2011
      New York, New York

SO ORDERED

*[signature]*

GEORGE B. DANIELS
United States District Judge